# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE MAGNUSON, HAYLEE MAGNUSON, and JEREMY MAGNUSON,<br><br>        Plaintiffs,<br>    vs.<br><br>SEA WORLD, INC., BUSCH ENTERTAINMENT CORPORATION, and DOES 1-100,<br><br>        Defendants. | CASE NO. 07cv1322-LAB (LSP)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Dkt No. 9] |

Pursuant to 28 U.S.C. § 1441(b), defendants Sea World, Inc. ("SWI") and Busch Entertainment Corporation ("BEC") (collectively "Defendants") removed this tort and premises liability action from state court to federal court asserting diversity jurisdiction, as a civil action between citizens of different states with an amount in controversy in excess of the federal jurisdictional threshold. The matter is before the court on Plaintiffs' Motion To Remand ("Motion") for lack of subject matter jurisdiction. They contest Defendants' representation they are not citizens of California. Defendants filed an Opposition. Plaintiffs filed no Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED**.

Plaintiffs are three individuals, all residing in the State of California. Subject matter jurisdiction based on diversity of citizenship requires that no defendant have the same citizenship as any plaintiff and the amount in controversy exceed $75,000. 28 U.S.C. §§ 1332(a), 1331. The parties do not dispute the amount in controversy exceeds the

jurisdictional threshold. There also appears to be no dispute BWI is not a California citizen.[1] The propriety of the removal therefore depends on a determination of SWI's citizenship. Plaintiffs argue SWI is a California citizen. Defendants contend SWI is incorporated under the laws of Delaware with its principal place of business in Florida, not California.

A defendant generally has the right to invoke federal removal jurisdiction if a plaintiff who initially filed the action in state court could have originally filed the action in federal court on diversity or federal question grounds. 28 U.S.C. § 1441(a); *see* City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). The rules governing removable claims are generally the same as the rules for original federal jurisdiction when predicated on diversity of citizenship. A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Thus, an entity incorporated in one state and having its principal place of business in another is a citizen of both states, and can sue or be sued in diversity actions only if no opposing party is a citizen of either of those state. Bank of Calif. Natl' Asn. v. Twin Harbors Lumber Co., 465 F.2d 489, 491-92 (9th Cir. 1972).

Plaintiffs move for remand on grounds SWI "is currently incorporated in California," SWI operates three SeaWorld parks in the United States (Orlando, San Diego, and San Antonio), their "review of the SeaWorld web site does not reveal that SeaWorld's principle [*sic*] place of business to be [*sic*] Florida" but rather "the individual parks are each places of business and no central location is identified," and each individual park purportedly "has its own hiring and legal affairs office."[2] Mot. P&A 2:23-3:4. They cite no authority in support

---

[1] Defendants contend, without any contrary argument from Plaintiffs, BEC is a corporation incorporated under the laws of Delaware with its principal place of business in Missouri.

[2] Plaintiffs also rely on the San Diego SeaWorld web site to argue when the site is accessed, it states that "SeaWorld may be contacted at SeaWorld San Diego in San Diego California." Mot. P&A 3:6-9, *citing* the SeaWorld San Diego site and attaching the home page as Exhibit 1. However, the home page on its face pertains to the San Diego park, not the corporate SEI entity, and accordingly the court finds no evidentiary value in that exhibit to resolve the principal place of business jurisdictional question at issue. Similarly, plaintiffs argue: "The SeaWorld-San Diego park is located in this district," so that "the primary and principle place of business of the SeaWorld San Diego park is San Diego California." However, the named plaintiff is SEI, not the local park, and SEI also operates parks in Florida and Texas.

1  of their Motion other than the text of 28 U.S.C. § 1332 articulating the corporate citizenship
2  criteria of state of incorporation and principal place of business.

3  The party asserting jurisdiction has the burden of proving all jurisdictional facts.
4  Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). Defendants
5  support their Opposition with the Declaration of David J. Grabe, who represents he is the
6  Vice President of Finance for BEI and the Vice President for Finance and Planning and the
7  Assistant Secretary of SWI. He declares BEI is a Delaware corporation headquartered in
8  Missouri which owns 100 percent of the SWI shares, and further declares SWI is a Delaware
9  corporation with its principal place of business in Florida. Grabe Decl. ¶¶ 2-4. The Grabe
10 Declaration asserts the predominance of SWI's business activity and public contact occurs
11 in Florida, and it has its nerve center in Missouri. Plaintiffs offer no responsive evidence.

12 Plaintiffs' assertion "the California Secretary of State web site reveals that SeaWorld,
13 Inc. is currently incorporated in California" is unsupported by any evidence. Mot. P&A 2:23-
14 24. The Declaration of Plaintiffs' counsel only avers on that issue: "I have examined *the
15 Sea World web site* thoroughly. I believe that a review of *that site* leads one to reasonably
16 believe that SeaWorld is a California resident." Ballard Decl. ¶ 6 (emphasis added).
17 Defendants assert the Delaware incorporation is "clearly stated on *the California Secretary
18 of State website*." Opp. 2:18-20 (emphasis added). Plaintiffs do not reply.

19 Defendants' Opposition also refutes Plaintiffs' contention each SWI park has its own
20 legal affairs office. Opp. 6:1-3 ("none of the parks has its own local in-house legal
21 department"); Grabe Decl. ¶ 18. Defendants further argue doing business in three different
22 states neither establishes nor defeats diversity jurisdiction: "while a corporation is deemed
23 a 'resident' of every district in which it does business for purposes of venue [*see* 28 U.S.C.
24 § 1391(c)], the fact that a corporation does business in a given state does not make that
25 state its principal place of business."[3] Opp. 6:18-22.

---

[3]  Residence and citizenship are not coextensive concepts. "For *venue* purposes, a corporate defendant is deemed a 'resident' of *every district* in which it is *doing business*, not merely the state in which it has its principal place of business." Schwarzer, et al., *Federal Civil Procedure Before Trial*, The Rutter Group, rev. 2007, Ch. 2:291.

The dispositive issue for purposes of this ruling is where SWI has its principal place of business. If it is in California, the matter must be remanded to state court for lack of diversity jurisdiction. If elsewhere, despite the business activity conducted at SeaWorld in San Diego where the injuries giving rise to this litigation allegedly occurred, this court may exercise removal jurisdiction over the action on the basis of diversity of citizenship.

Courts have evolved various tests to determine a corporation's principal place of business when the corporation is engaged in multistate operations, a problematic undertaking when, as here, management is located in one state with its physical facilities located in other states. Defendants contend the Ninth Circuit has adopted a two-stage inquiry, looking first to whether any state has a "substantial predominance" of the corporation's business activity, the "place of operations" test. If no one state predominates, then courts apply a "nerve center" test to identify the location of the corporation's executive and administrative functions, deeming that place to be the principal place of business. *See* Industrial Tectonics, 912 F.2d at 1094 (holding "where a majority of a corporation's business activities takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state," and "[t]he 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities"); Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001) ("the Ninth Circuit applies the place of operations test unless the [party] shows that its activities do not substantially predominate in any one state") *relying on* Industrial Tectonics, 912 F.2d at 1094.

Defendants contend the analysis ends at the "place of operations" consideration because SWI does business in only three states, and "a review of the business activity at each of SWI's three parks clearly reveals that Florida has a substantial predominance of SWI's corporate activity." Opp. 4:1-8. Supported by annual average statistics authenticated in the Grabe Declaration, Defendants identify factors sanctioned in Industrial Techtonics as appropriate for principal place of business analysis, including location of employees, tangible property, sources of income, and points of sale. Using those, they demonstrate the Orlando,

1  Florida park predominates over the other two sites of SWI corporate activity.  *See* Opp. 4:4-
2  5:1; Grabe Decl. ¶¶ 7-10.  "The relative attendance levels and the number of employees at
3  each of the SWI three parks establish that SWI has without question the most contact with
4  the public in Florida," so that Florida is SWI's principal place of business.  Opp. 5:9-11.
5         Alternatively, if the court finds Florida does not have a "substantial predominance" of
6  SWI's business activity, Defendants argue California is not SWI's "nerve center," and
7  consequently not its principal place of business under that theory either.  Defendants
8  establish through the Grabe Declaration, without contradiction, SWI's executive and
9  administrative functions are conducted elsewhere:

> SWI's coporate headquarters are located in Florida.  (Grabe Decl., ¶ 5.)  This information is clearly noted on the Annual Report filed on behalf of SWI with the Florida Secretary of State. (Grabe Decl., ¶ 12 and Exhibit A to Grabe Decl.)  All corporate policy decisions affecting SWI are made in Missouri.  (Grabe Decl., ¶ 19.)  All SWI asset acquisitions and dispositions are reviewed and approved in Missouri. (Grabe Decl., ¶ 20.)  All of SWI's legal affairs are overseen by a centralized in-house legal department located in Missouri. (Grabe Decl., ¶ 18.)  This legal department approves the form of all contracts executed by SWI and oversees all litigation at each of the three SWI parks. (Grabe Decl., ¶ 18.) . . . SWI has ten officers of which only one works in California, while seven others, including SWI's sole director who is also the chairman of the board and the president, have their offices in Missouri. (Grabe Decl., ¶¶ 11-12.)  Payroll, procurement, and accounts payable departments are all centralized in Missouri. (Grabe Decl., ¶ 17.)  SWI corporate records are also kept in Missouri. (Grabe Decl., ¶ 14.)  The corporate income tax return is both prepared and filed in Missouri. (Grabe Decl., ¶¶ 15-16.)  While Plaintiffs contend that each park has its own hiring office, the hiring of each of the three general managers is overseen in Missouri. (Grabe Decl., ¶ 13.)

22  Opp. 5:22-6:10.
23         This court has considered the Grabe Declaration's descriptions of SWI's activities
24  and the conduct of its corporate business to conclude California does not predominate as
25  its principal place of business from among the three states where SWI operates parks.  The
26  / / /
27  / / /
28  / / /

1 | court also finds Defendants have carried their burden to show they meet the other federal
2 | removal jurisdiction criteria. Accordingly, **IT IS HEREBY ORDERED** the Motion is **DENIED**.
3 |     **IT IS SO ORDERED**.
4 | DATED: October 29, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge